UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAILLOU ISLAND TOWING COMPANY, INC.<br><br>Plaintiff<br><br>VERSUS<br><br>NAVIGATORS INSURANCE COMPANY<br><br>Defendant<br><br>PERTAINS TO:  ALL CASES | CIVIL ACTION NO.:  10-843<br>                       C/W:  10-844<br><br>SECTION:  "C"<br><br>DISTRICT JUDGE:<br><br>HON. HELEN G. BERRIGAN<br><br>MAGISTRATE JUDGE:<br><br>HON. DANIEL E. KNOWLES, III |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE**

**MAY IT PLEASE THE COURT:**

Defendants, Navigators Insurance Company and XL Specialty Insurance Company ("Underwriters"), move this Honorable Court to dismiss or alternatively to transfer venue of these consolidated matters to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406, or in the alternative, pursuant to 28 U.S.C. § 1404(a), the "first filed rule" and/or the doctrine of *forum non conveniens*, showing as follows:

1

## **INTRODUCTION**

Underwriters respectfully assert that dismissal of these consolidated matters or transfer of venue is warranted pursuant to 28 U.S.C. §1406, because venue in the current District Court, though proper for removal, is improper under 28 U.S.C. §1391(a). Further, under the "first-filed" rule, the declaratory action previously filed in the Southern District of Texas, Houston Division, Civil Action No. 4:10-cv-00439, involving the same parties and subject matter, should be the case in which all issues presented between these parties are resolved; therefore, dismissal of the present consolidated matters is appropriate.  In the alternative, pursuant to federal statutory law and the doctrine of *forum non conveniens*, and/or under the "first-filed" rule, transfer is warranted for judicial economy, as litigation of certain claims and facts underlying this action is currently pending in the Southern District of Texas, Galveston Division, Civil Action No. 08-231. Both Plaintiff, Caillou Island Towing Company, Inc., and Defendants in the present removed and consolidated matters are also currently litigating identical issues in a declaratory action previously filed in the Southern District of Texas, Houston Division, Civil Action No. 4:10-cv-00439.  Therefore, for judicial, witness, and counsel economy and convenience, as well as under the "first-filed rule," identical litigation should not continue in another Court and state. Accordingly, Underwriters respectfully request that these consolidated matters be dismissed or alternatively transferred to the U.S. District Court for the Southern District of Texas, Houston Division, the district where the alleged

underlying incident(s) occurred, where venue is proper, and where litigation involving the same underlying facts, circumstances and law was "first-filed" and is pending.

## BACKGROUND

Navigators is a foreign insurance company organized and having its principal place of business in New York. Navigators has no connection with the state of Louisiana in this or any underlying matter. Further, Navigators issued a policy of insurance to Plaintiff in the Southern District of Texas, where the underlying incident(s) occurred and where litigation related to the underlying incident(s) is pending.

XL is a Delaware insurance company organized and having its principal place of business in Connecticut. XL is a wholly owned subsidiary of XL Capital, Ltd., a corporation domiciled in Delaware, with its principal place of business in Hamilton, Bermuda. XL has no connection with the state of Louisiana in this or any underlying matter. Further, XL issued a policy of insurance to Plaintiff in the Southern District of Texas, where the underlying incident(s) occurred and where litigation related to the underlying incident(s) is pending.

Plaintiff is a Louisiana corporation with its principle place of business in Houma, Louisiana. Plaintiff's conduct of business in the Southern District of Texas forms the basis of the underlying litigation pending in the Southern District of Texas, Galveston Division.

A lawsuit was filed by the United States in 2008 which was amended, on or about August 11, 2009, to assert claims against Plaintiff and several other entities in the U.S. District Court for the Southern District of Texas, Galveston Division (Civil Action No. 08-231). (Exhibit "A" hereto). Subsequently, in the Houston Division of the same U.S. District Court, Underwriters filed a Declaratory Judgment Complaint against Plaintiff on February 11, 2010. (Exhibit "B" hereto). In the Texas Declaratory action, Underwriters seek a declaration that the handling of the underlying claim, has been proper and in good faith, that certain defense and indemnity is not owed, and that other insurance coverage is not due Plaintiff pursuant to certain policies of insurance issued by Underwriters to Plaintiff.

On February 17, 2010, Plaintiff filed a "Declaratory Judgment Action and Petition for Damages" in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, against Navigators (Case No. 159-815) and against XL (Case No. 159-816). Plaintiff's State court actions were removed to the U.S. District for the Eastern District of Louisiana based on diversity jurisdiction, in accordance with 28 U.S.C. § 1441(a). The present, removed and consolidated Declaratory Judgment Actions filed by Plaintiff assert that Underwriters owe the same defense and indemnity insurance coverages under the same policies of insurance and related to the same pending lawsuit in Texas, as is the subject matter of the previously filed Declaratory Judgment Complaint, first filed by

Underwriters in the U.S. District Court for the Southern Division of Texas, Houston Division.

Review of the present, removed Declaratory Judgment Actions show that, while removal jurisdiction is proper, venue in the Eastern District is improper under 28 U.S.C. § 1391(a) and/or in the alternative, venue is proper for the convenience of parties, the Courts, and in the interest of justice in the U.S. District Court for the Southern District of Texas, Houston Division, where declaratory litigation involving the same parties and subject matter was first instituted and is pending.  Moreover, the present removed Declaratory Judgment Actions should be dismissed or alternatively transferred to the U.S. District Court for the Southern District of Texas, Galveston Division based on the "first-filed" rule, to prevent forum shopping and the potential for inconsistent results that is inherent in parallel actions proceeding in two courts, sitting in different states.

## ARGUMENT

### 1. DISMISSAL IS APPROPRIATE AS VENUE IS IMPROPER IN THIS COURT

When venue is improper, the Court should dismiss the action pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This is a diversity action pursuant to 28 U.S.C. § 1391(a). As previously stated, Plaintiff is a corporation organized, existing and doing business under the laws of Louisiana. Defendants are foreign insurers with domiciles and principal places of business in New York, Delaware, and Connecticut. Title 28 U.S.C. § 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought

Pursuant to the statute, venue is not proper under 1391(a)(1) because Underwriters do not reside in Louisiana. Likewise, venue is not proper under 1391(a)(2) because none of the events giving rise to the claim occurred in Louisiana. Specifically, the policies of insurance Plaintiff is seeking to enforce were issued and delivered to Plaintiff's broker in Houston, Texas. Additionally, the circumstances and underlying litigation for which Plaintiff seeks coverage are based on incidents that occurred within the Southern District of Texas, to which Underwriters are seeking to transfer this action. Finally, 1391(a)(3) is inapplicable because there is a "district in which the action may otherwise be brought" – the Southern District of Texas, where the underlying incident occurred and where identical, prior-filed litigation is already pending. 28 U.S.C. § 1391(a); *see also Waldron v. Freightliner Corp.*, 1996 WL 737005 (E.D. La. 1996).

Because Underwriters are not Louisiana residents and the underlying incident occurred in Texas, venue is improper in the Eastern District of Louisiana. Therefore, this matter must be dismissed or transferred to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406(a) as that is where the alleged incident occurred, where the underlying litigation is pending and where venue is proper. There is no strong reason to transfer rather than dismiss in this case, since litigation is already pending between the same parties on the same subject matter, offering both sides the same potential relief in a competent federal court in the Southern District of Texas, Houston Division. Therefore, while Underwriters pray for transfer in the alternative, the "interest of justice" will be fully served by dismissing the present consolidated cases so that the parties can proceed in the "first-filed" forum and proper venue.

### 2.  DISMISSAL IS APPROPRIATE UNDER THE FIRST-FILED RULE

The United States Court of Appeals for the Fifth Circuit and most, if not all federal District Courts follow the well-established "first-filed" rule in determining which of two Courts "…should maintain jurisdiction over claims that arise from the same subject matter but are pressed in different suits." *Igloo Prods. Corp. v. The Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir.1985); *Service Corp. Int'l v. Loewen Group Inc.,* 1996 WL 756808, at *1 (S.D.Tex. Nov.29, 1996). The "first-filed" rule requires that "[i]n the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case." *Id.* One potential exception to a

court's application of the first-filed rule is when a first-filed declaratory judgment action was filed for the purpose of forum-shopping. *See Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983); *Johnson Bros. Corp. v. International Bhd. of Painters,* 861 F.Supp. 28, 29 (M.D.La.1994); *Igloo Prods.,* 735 F.Supp. at 217. As noted above, the present case presents precisely converse circumstances—the second-filed suits appear clearly filed in a forum-shopping effort, while the first was simply filed in the District where all underlying events and litigation were already situated. Whether to apply the first-filed rule to dismiss the later suit(s) or to transfer to the first court is a decision within the discretion of the district court. *Texas Instruments,* 815 F.Supp. at 997 (citing, *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 222, 96 L. Ed. 200 (1952)[1]).

Courts have consistently held that in cases of duplicative filings in two federal courts, the "first-filed" court "is the more appropriate forum in which to determine whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy." *Supreme Int'l Corp. v. Anheuser-Busch, Inc.,* 972 F.Supp. 604, 607 (S.D.Fla.1997); *see also Texas Instruments,* 815 F.Supp. at 999 ("[T]he first-to-file rule

---

[1] The *Kerotest* Court faced a more complex situation than that presented here, but its common-sense approach, applied to the circumstances of the present case, support application of the "first-filed" rule. "The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit…." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185, 72 S. Ct. 219, 222, 96 L. Ed. 200 (1952).

gives the *first-filed* court the responsibility to determine which case should proceed." (emphasis in original)).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999). The rule is "grounded in principles of comity.... The federal courts have long recognized that...courts of coordinate jurisdiction and equal rank [should] exercise care to avoid interference with each others' affairs." *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.1997). The court with "…'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *West Gulf Maritime,* 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971)); *see Excel Music, Inc. v. Simone,* No. 95-3626, 1996 WL 5708, at *6 (E.D.La. Jan.5, 1996) ("In the absence of 'compelling circumstances,' the district court who gets the suit first should be one to decide the case"). *Multi-Shot, LLC v. B & T Rentals, Inc.*, CIV. A. H-09-3283, 2010 WL 376373 (S.D. Tex. Jan. 26, 2010).

### 3. ALTERNATIVELY, TRANSFER IS DISCRETIONARY AND PROPER FOR CONVENIENCE AND IN THE INTEREST OF JUDICIAL ECONOMY

Even if this Court determines that venue remains proper in the Eastern District of Louisiana, the Southern District of Texas is a much more appropriate forum for this action. Louisiana is an inconvenient forum because Louisiana has absolutely no relevance to this case.

A U.S. District Court has broad discretion in deciding whether to order the transfer of a case to another judicial district. *Balawajder v. Scott,* 160 F.3d 1066, 1067 (5th Cir. 1999). Pursuant to 28 U.S.C. § 1404(a), a district in which venue is inconvenient and/or not in the interest of the administration of justice may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Id.* 28 U.S.C. § 1404(a), as well as § 1406, codify the common-law principle of *forum non conveniens*, "permitting transfer to a more convenient forum, even though the venue is proper." *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

It is incumbent on the defendant to "show that (1) this case might have been brought in the [Southern District of Texas] and (2) the transfer would advance the interest of justice and the convenience of parties and witnesses." *Laitram Corp. v. Hewlett-Packard Co*., 120 F.Supp2d 607, 608 (E.D. La. 2000). In *Laitram*, a patent infringement action was transferred from this Court, where a corporate plaintiff had its principal place of business, to a federal court in Oregon. The Court determined the transfer was in the interest of justice pursuant to § 1404(a) because the most relevant events had occurred there, important witnesses in Oregon were beyond the Court's subpoena power, and the case had not significantly progressed in Louisiana. *Id*. at 609.

The case at hand is no different and if not dismissed, should be transferred to the Southern District of Texas. Underwriters and Plaintiff are involved in litigation centered on the same underlying facts as those presented in Plaintiff's Declaratory Judgment action. Louisiana plays no part in this litigation other than being the Plaintiff's home and

is clearly a case of Plaintiff "forum-shopping". No unnecessary burden would be placed on the Plaintiff to proceed with this action in the same District in which it is already defending the underlying suit and the prior-filed federal Declaratory Judgment Complaint asserted by Underwriters. The facts surrounding this coverage dispute arise from an insurance policy delivered in Texas which would be interpreted under Texas law, and from underlying actions and claims that occurred entirely in Texas.

In determining the propriety of transfer, this Court and other federal courts consider the convenience factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), cited in *Laitram*, 120 F.Supp.2d. at 608. The private interest factors include:

1. Plaintiff's choice of forum;

2. The situs of the material events;

3. The convenience of the witnesses (including the extent of the district court's subpoena power and the costs attendant to witness appearance at trial);

4. The convenience of parties and their ability to bear the expense of trial in a particular forum; and

5. All other factors relative to the adjudication of the dispute. *Id.*

The public interests include consideration of the following criteria:

1. The relative administrative difficulties in the two jurisdictions;

2. The local interest in having localized controversies resolved at home;

3. The appropriateness of resolving the litigation in the jurisdiction whose law actually governs the dispute; and

4. The burden imposed upon citizens in an unrelated forum with jury duty. *Id.*

In the case at hand, consideration of these factors dictates that this case should be transferred to the Southern District of Texas:

(1) Plaintiff's choice of forum must be given due deference. However, "the plaintiff's choice is given less weight if the operative facts occurred outside the forum." *Marrogi v. Howard*, No. CIV.A.00-368, 2002 WL 987386 at *1 (E.D.La. 2002). The underlying events and ongoing litigation for which Plaintiff seeks coverage from Underwriters were and are in Texas. The policies at issue and actions taken in handling Plaintiff's claim were issued and performed in Texas. The defense Plaintiff seeks from underwriters is for the underlying litigation pending in the Southern District of Texas, Galveston Division. Therefore, the weight of Plaintiffs' choice of forum should be sharply discounted, if not viewed negatively, as a clear example of forum shopping. Furthermore, Underwriters were first to file an action for declaratory relief against Caillou Island Towing; therefore, their choice of forum, as plaintiffs, should prevail under principles of *lis pendens* and/or the federal "first-filed" rule.

(2) Texas is the situs of the material events in this case. Litigation involving the underlying events and all parties hereto is currently pending in the Southern District of Texas. Thus, it is a far superior venue in terms of economy for all parties to only have to litigate in one forum. All resources that might be of practical value in this action as well as the underlying litigation are readily accessible in Texas.

(3)   The parties are already litigating an underlying suit and a Declaratory Judgment Action in the Southern District of Texas.  The parties would incur greater expense if forced to duplicate litigation on the same issues in two different states.

(4) Texas contract law will apply to this Declaratory Judgment action, so it would be best for a court in Texas to preside over this matter.

(5) Plaintiff in this matter seeks a trial by jury. It would be unfair to require Louisiana citizens to sit as a jury for an action which occurred wholly in Texas and is to be decided under Texas law.

(6) Significantly, Underwriters are not seeking transfer of this action from Plaintiff's "home court" to theirs; rather, Underwriters seek the "neutral ground" of Texas, where litigation against Plaintiff is already pending.

Consideration of the private and public factors implicated by a § 1404(a) motion establishes that the action should be transferred to the U.S. District Court for the Southern District of Texas, Houston Division. Transfer would, in fact, avoid the financial burden on the parties to litigate identical actions in two different states.  Transfer would also alleviate judicial waste by having the same Court or at least courts in the same district dispose of all actions related to the same underlying events which occurred within the Southern District of Texas.  Therefore, venue of this action should be transferred to the U.S. District Court for the Southern District of Texas, Houston Division.

## **CONCLUSIONS**

For all the reasons set forth herein, Underwriters respectfully request that this Honorable Court transfer this matter pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1404 and/or pursuant to principles of *lis pendens* and the federal "first-filed" rule.  The U.S. District Court for the Southern District of Texas, Houston Division, is not only the technically appropriate jurisdiction for this litigation, but also the most logical, convenient, and economical venue for resolution of the common issues in dispute between all parties hereto.

Respectfully submitted,

**LARZELERE PICOU WELLS
SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 1100 - Two Lakeway Center
Metairie, LA 70002
Phone:  (504) 834-6500

**BY:**      */s/ R. Jeffrey Bridger*
**J. DANIEL PICOU  (LSBA # 13827)
R. JEFFREY BRIDGER  (LSBA #01263)**

**ATTORNEYS FOR DEFENDANTS,
NAVIGATORS INSURANCE COMPANY AND
XL SPECIALTY INSURANCE COMPANY**

and

**Michael K. Bell**
TBA No. 02081200
Fed. ID 5085
**Mitchell R. Machann**
TBANo. 24037011
Fed. ID 578461
**BELL, RYNIKER & LETOURNEAU**
5847 San Felipe, Suite 4600
Houston, Texas 77057
713-871-8822
FAX 713-871-8844

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ R. Jeffrey Bridger*