UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAILLOU ISLAND TOWING** | * | **CIVIL ACTION NO.: 2:10-cv-00843** |
| **COMPANY, INC.,** | * | **c/w    2:10-cv-00844** |
| **Plaintiff,** | * | |
| **v.** | * | |
| | * | |
| **NAVIGATORS INSURANCE** | * | |
| **COMPANY,** | * | **SECTION:   "C"** |
| **Defendant,** | * | **JUDGE HELEN G. BERRIGAN** |
| | * | |
| **CONSOLIDATED WITH** | * | |
| | * | |
| **CAILLOU ISLAND TOWING** | * | |
| **COMPANY, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **MAGISTRATE: "3"** |
| | * | **DANIEL E. KNOWLES, III** |
| **XL SPECIALITY INSURANCE** | * | |
| **COMPANY,** | * | |
| **Defendant** | * | |
| | * | |

**REPLY TO NAVIGATORS INSURANCE COMPANY AND XL SPECIALITY INSURANCE COMPANY'S OPPOSITION TO MOTION TO REMAND ALL CASES**

**NOW INTO COURT**, through undersigned counsel comes plaintiff, Caillou Island Towing Company, Inc. ("Caillou"), who pursuant to 28 U.S.S § 1447 challenges the existence of federal subject matter jurisdiction and moves this Court to remand this lawsuit to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana based on its improper removal by defendants, Navigators Insurance Company ("Navigators") and XL Specialty

1

Insurance Company ("XL").  Pursuant to 28 U.S.S § 1447 (c), Caillou also seeks an award of it attorneys' fees, costs and expenses incurred in filing this Motion to Remand.

Navigators and XL have failed to come forward with any evidence whatsoever that would serve to satisfy their "heavy" burden of establishing that federal jurisdiction exists.  See *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) and *Sid Richardson Carbon & Gasoline Co., v. Interenergy Res. Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

First, Navigators and XL are patently incorrect in their contention that the policy limits stated in the insurance policies at issue somehow establish the amount in controversy for purposes of federal subject matter jurisdiction/diversity purposes.  If Navigators and XL were correct in their argument, there would virtually be no insurance coverage case that could not be litigated in state court if the policy limits exceeded $75,000.00, no matter how small the actual value of the claim.  This is an absurd assertion and clearly not a correct statement of the status of the law on that issue.  See *Southall v. St. Paul Travelers Ins., Co.*, 2006 U.S. Dist LEXIS 61911, 2006 WL 2385365 (E.D. La. August 16, 2006); and *Atkins v. Lexington Ins. Co*., 2006 U.S. Dist. LEXIS 49985, 2006 WL 1968895 (E.D. La. 2006).

In *Atkins*, the defendant, as Navigators and XL, pointed to the value of the underlying policy as proof that the "amount in controversy" exceeds the jurisdictional limitation.  In that case, Judge Vance explained:

> In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.  Hartford Ins. Grp. V. Lou Con Inc., 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action);  see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 U.S.Dist LEXIS 10628, 1995 WL 442062 at *1 (E.D.La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).

2006 U.S. Dist. LEXIS 49985 at *3.  In *Atkins*, the removing defendant did not attach support for its claim that the damages claimed by the plaintiff would satisfy the amount in controversy.

Accordingly, the law is clear that to determine whether federal removal jurisdiction is present, courts must consider the claims in the state court petition as they existed *at the time of removal*. [Emphasis added.]  *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  In fact, this point is well-settled and the amount in controversy for federal diversity jurisdiction purposes is determined at the time the notice of removal is filed or when the underlying suit is filed.  See  *Ahern v. Charter Township of Bloomfiled*, 100 F.3d 451, 453 (6th Cir. 1996); *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1 (1st Cir. 1995); *Commercial Credit Corp. v. Lane,* 466 F.Supp. 1326 (M.D. Fla. 1979); *National Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291 (S.D.N.Y. 1990).  At this time, Caillou has not incurred attorneys' fees in excess of the jurisdictional amount of $75,000.00.  In addition, as of at least March 16, 2010, Navigators and XL has agreed to pay Caillou's attorneys' fees and costs associated with the defense of the Government Action.  Accordingly, even if attorneys' fees are to be considered part of the amount in controversy, the jurisdictional threshold has not been met.

Interestingly, Navigators and XL take the position that the underlying claim against Caillou, which entail unspecified amounts in fines and penalties, somehow satisfy the jurisdictional amount in controversy.  However, the United States of America in the lawsuit it filed against Caillou in Texas federal court for alleged violations of federal statutes, were not bound by Louisiana law prohibition against plaintiff's from petitioning a specific monetary amount.  And therefore, Navigators and XL may not use a hypothetical projection of what the claims may ultimately amount to in the future.  The applicable law is clear:  the amount in

controversy for federal diversity jurisdiction purposes is determined at the time the notice of removal is filed or when the underlying suit is filed.  See *Ahern, supra.; Coventry Sewage Assoc., supra; Commercial Credit Corp., supra.,* and *National Union Fire Ins. Co., supra.*  As such, what the future *may* bring and what the ultimate award could be at some later time, has no bearing on the determination this Court is to make herein.

## CONCLUSION

In light of the foregoing, Caillou Island Towing Company, Inc. respectfully requests that these matters be remanded to the 32nd Judicial District court for Terrebonne Parish, Louisiana and that Caillou be awarded its costs and attorneys' fees incurred in connection with the instant motion to remand.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

 /s/ Robert S. Reich
**ROBERT S. REICH (#11163)**
**MICHELLE L. MARAIST (21739)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA  70002
Tel:  (504) 830-3999 / Fax:  (504) 830-3950
***Attorneys for Caillou Island Towing Company, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record by electronic delivery, by facsimile, or by placing same in the U. S. Mail, postage prepaid, this 13h day of April, 2010.

  /s/ Robert S. Reich
ROBERT S. REICH