UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAILLOU ISLAND TOWING** | * | **CIVIL ACTION NO.: 2:10-cv-00843** |
| **COMPANY, INC.,** | * | c/w    2:10-cv-00844 |
| Plaintiff, | * | |
| v. | * | |
| | * | **SECTION: "C"** |
| **NAVIGATORS INSURANCE** | * | |
| **COMPANY,** | * | **JUDGE HELEN G. BERRIGAN** |
| | * | |
| Defendant | * | **MAGISTRATE: "3"** |
| | * | |
| **PERTAINS TO:    ALL CASES** | * | **DANIEL E. KNOWLES, III** |
| | * | |

## MEMORANUDM IN OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE

**NOW INTO COURT**, through undersigned counsel comes plaintiff, Caillou Island Towing Company, Inc. ("Caillou"), who in response to the Motion to Dismiss or Transfer Venue filed by defendants herein, Navigators Insurance Company and XL Specialty Insurance Company (hereinafter collectively "Underwriters") submit this Memorandum in Opposition to Motion to Dismiss or Transfer Venue.

### DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE IS PREMATURE

At this point, pending before this court is Caillou's Motion to Remand which was set for hearing (on the briefs) on April 14, 2010. As such, Caillou contends that the Underwriters'

1

Motion to Dismiss or Transfer Venue is premature because if these consolidated cases are remanded to Louisiana State Court, the Motion to Dismiss and/or Transfer Venue will be moot. Clearly, if this Honorable Court grants plaintiff's Motion to Remand, this Court will no longer have jurisdiction over the issues raised in the subsequent motion filed by the Underwriters.

## PROCEDURAL AND FACTUAL BACKGROUND

Procedurally, Caillou filed two separate Declaratory Judgment Actions/Petitions for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana (hereinafter sometimes referred to collectively as the "State Court Lawsuits") following Navigators' and XL's arbitrarily and capriciously handling of Caillou's claims made under the insurance policies issued to Caillou. Caillou's State Court Lawsuits describe the factual basis giving rise to Navigators' and XL's wrongful denial of defense and indemnity and therein, Caillou set forth the grounds for jurisdiction in Louisiana State district court, i.e. breach of contract, violation of Louisiana insurance code, and claims asserted under Louisiana's declaratory judgment articles. There are no allegations in Caillou's State Court Petitions setting forth a basis for exclusive federal subject matter jurisdiction, nor are there any allegations in Caillou's Petitions showing that its claims arise under a federal statute. In addition, Navigators' and XL's Notices of Removal state no basis whatsoever for exclusive federal subject matter jurisdiction over Caillou's claims arising out of wrongful denial and misrepresentation of coverage. These issues are more fully briefed in Caillou's Motion to Remand and Memorandum in Support of Motion to Remand and are incorporated herein by reference.

As factual background:

1. From at least June 5, 2002 until June 5, 2003, Navigators had in effect an insurance policy issued to Caillou, bearing policy number 02X 2054-01, which included Hull & Machinery and Protection and Indemnity coverages (the "Navigators' Policy").

2. From at least June 5, 2003 until June 5, 2004, XL Specialty had in effect an insurance policy issued to Caillou, bearing Policy No. PMEX 854955-S (or any other number which may have been assigned to the policy) which included Excess Protection and Indemnity coverages (the "XL Specialty Policy").

3. Caillou was named in a lawsuit filed by the United States of America claiming alleged violations of the Clean Water Act, 33 U.S.C. § 1311, et seq. and under the Rivers and Harbors Act 33 U.S.C. § 403 et seq.  This lawsuit is entitled, *The United States v. Rutherford Oil Company and Brown Water Marine,* and is pending in the United States District Court for the Southern District of Texas, Galveston Division, bearing number 3:08-231 before the Honorable Judge Rosenthal (hereinafter sometimes referred to as the "Government Action").

4. The Navigators Policy and XL Policy provide full coverage to Caillou arising out of the claims asserted in the Government Action.

5. Notice of these claims was promptly and timely provided to Navigators and XL by at least the beginning of June 2005.

6. Notwithstanding the fact the claims arising out of the Government Action are covered by the Navigators and XL Policies, Navigators and XL arbitrarily and capriciously and without sound reason or factual basis, wrongfully issued multiple Reservation of Rights letters to Caillou, threatened Caillou with denial of coverage, refused to allow Caillou to be represented by counsel of its own choosing, misrepresented coverage, and committed other wrongful acts.

7. To date, Navigators and XL refuse to undertake Caillou's defense and/or to indemnify Caillou without reservation or restriction.

8. As a result of the foregoing breaches of contract and otherwise arbitrary and capricious action by Navigators and XL, on or about February 12, 2010, Caillou filed, via U.S. Mail a Declaratory Judgment Action and Petition for Damages against Navigators Insurance Company, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana and a separate Declaratory Judgment Action and Petition for Damages against XL Specialty Insurance Company by placing same in the U.S. Mail on that date. These Declaratory Judgment Actions were stamped in as received and filed on February 17, 2010.

9. Navigators and XL, in addition to filing the Notices of Removal at issue herein, have also filed a "Declaratory Judgment Complaint," entitled *Navigators Insurance Company and XL Specialty Insurance Company v. Caillou Island Towing, Inc.* pending in the United States District Court for the Southern District of Texas-Houston Division, Civil Action No. 4:10:-cv-00439 (hereinafter sometimes referred to as the "Insurers' Declaratory Judgment Action"), and seeks judgment declaring that Navigators and XL are not bound to provide defense and indemnity to their insured, Caillou for claims arising out of the Government Action. Although filed on February 11, 2010, Caillou was not notified of this action until February 19, 2010, over a week after Caillou had filed via U.S. Mail its own Declaratory Judgment Actions in State Court.

10. On March 16, 2010, Caillou filed a Motion to Dismiss the Insurers' Declaratory Judgment Action pending in the U.S. District Court for the Southern District of Texas – Houston Division, for lack of subject matter jurisdiction and pursuant to the Federal Abstention Doctrine. This matter is set for hearing/submission on April 6, 2010 before district court and has not been ruled on to date.

11. The interpretation of the insurance policies at issue is governed by applicable state law. See *Wilburn Boat Company v. Fireman's Fund Insurance Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955).

12. Caillou's offices and business is located in Houma, Louisiana, Terrebonne Parish.

13. Caillou's principals and any and all employees, to the extent still employed by Caillou, including the captain and crew of the vessels at issue, are residents of the State of Louisiana and/or Terrebonne Parish.

16. The insurance policy was negotiated and delivered to Caillou at its offices in Houma, Louisiana, Terrebonne Parish.

17. All premiums were assessed and paid from Caillou's offices in Houma, Louisiana, Terrebonne Parish.

18. The insurance agent involved in this transaction is USI Gulf Coast, Inc., whose offices are located in Houma, Louisiana, Terrebonne Parish and in Metairie, Louisiana, Jefferson Parish.

19. All documentary evidence, including vessel logs, invoices, contracts, correspondence as well as Caillou's principals and employees, who will be called as witnesses are located in Houma, Louisiana, Terrebonne Parish and/or within this judicial district.

## LAW AND ANALYSIS

**A. Venue is Proper in Terrebonne Parish, State of Louisiana, which lies in this Federal District.**

Plaintiff maintains its position that these consolidated cases should be remanded to State Court, as stated in its Motion to Remand and Memorandum in Support of Motion to Remand; however, in the even this Honorable Court finds it has subject matter jurisdiction over these

matters, plaintiff contends that venue is proper in this district and therefore, should be maintained here. Underwriters' filed this premature motion to dismiss based on 28 U.S.C. §1406(a) which states that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

First, this matter was initiated by plaintiff in State Court, not in federal court. It was the Underwriters who improperly removed these cases to this federal district court. Accordingly, as such, plaintiff contends that Underwriters have no basis under 28 U.S.C. 1406(a) to seek either dismissal and/or transfer of this matter under the plain language of the statute, which provides that the district court may dismiss or transfer a case filed therein. Notwithstanding, even if this Court determines diversity jurisdiction exists, this matter should not be dismissed and/or transferred to the district of Underwriters' choosing. The venue provisions for diversity cases is contained in 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship, may except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Accordingly, venue is proper in this district under 1391(a)(2) as a "substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. It is undisputed that insured, the insured's business, as well as the events leading up to and including the negotiation and issuance of the insurance policies to the insured occurred in the Parish of Terrebonne, State of Louisiana. In fact, all of the circumstances giving rise to the necessity for

Caillou to file the Declaratory Judgment and Petition for Damages regarding the denial of unrestricted coverage under the insurance policies at issue occurred within this judicial district. The statute is clear: the fact Underwriters are not Louisiana residents does not insulate them from proceedings filed in this judicial district court. However, the fact that (1) Underwriters do and are doing business within this jurisdiction; (2) Underwriters have underwritten and issued policies of insurance to Caillou a Louisiana businesses; (3) Underwriters delivered policies to Caillou within this judicial district; (4) Underwriters' policies cover Caillou's business activities occurring within this judicial district; (5) Underwriters utilized and employed insurance agents operating within this judicial district; and (6) Underwriters assessed and were paid premiums by Caillou from this judicial district all lead to the undeniable conclusion that venue for these cases, if not remanded, is clearly appropriate in the United States District Court for the Eastern District of Louisiana, which encompasses Terrebonne Parish. In addition, as will be more fully discussed evidence, such as documents and witnesses with respect to both the insurance claims as well as the underlying causes of action filed in the Government's lawsuit against Caillou are all located within Terrebonne Parish and this judicial district court.

Accordingly, under the plain reading of the statutes cited herein, venue is appropriate in this judicial district and therefore, dismissal and/or transfer are not warranted. The only item Underwriters are able to point to in their argument is that the underlying claims arise out of Caillou's activities in East Galveston Bay. Underwriters have no offices in the Texas district, no policies were written, negotiated or delivered to the Texas district. In fact, all transactions dealing with Caillou's insurance policies occurred in Terrebonne Parish, which lies in this judicial district. As such, this matter, if not remanded to State Court, should remain in the

United States District Court for the Eastern District of Louisiana and Underwriters' motion to transfer and/or dismiss should be denied.

      **B.**      **Defendants, who were Clearly "Forum Shopping", may not attempt to Utilize the "First Filed" Rule to have this Matter Dismissed.**

Underwriters contend that the "first filed rule" in determining which of two Courts should maintain jurisdiction over claims that "arise from the same subject matter." Caillou contends that the "firs-filed rule" is inapplicable in this case, however, even if applied, the exception to the first-filed rule is applicable. Specifically, an exception to the first-filed rule is when the first-filed action was filed for the purpose of forum shopping. See Mission Ins. Co. v. Puritan Fashions Corp. 706 F.2d 599, 601 (5th Cir. 1983). Clearly, Underwriters were forum shopping in this case, so they will not gain any procedural advantage based on their claimed "first-filed" status. .

In particular, Underwriters filed its separate declaratory judgment action in the United States District Court for the Southern District of Texas-Houston Division seeking to avoid coverage under their policies of insurance. This Texas lawsuit was filed clearly in order to attempt to avoid state court litigation, the filing of which was imminent based on the situation that Caillou was in, i.e. wrongfully denied coverage and an attorney of its choice to defend the Government Action. Underwriters basically admit that this suit was filed in anticipation of litigation, as illustrated by the allegations made in the Declaratory Judgment Complaint. In particular, in paragraph 13 of its Declaratory Judgment Action, filed herein as an Exhibit to Underwriters' Motion to Dismiss at Rec. Doc. 12 -3, Underwriters aver:

> On or about January 19, 2010, for the first time, Navigators and XL were notified by attorney in Metairie, Louisiana, Mr. Robert S. Reich, claiming to be counsel acting on behalf of Caillou and raising for the first time, certain allegations of purported conflicts

of interest on the part of appointed defense counsel and claiming the right of Caillou to appoint its own counsel at Navigators and XL's expense.

Further, in paragraph 15, Underwriters aver:

There have also been certain statements and claims that the Reservations of Rights should immediately be withdrawn and an unqualified defense provided otherwise according to Mr. Reich, Caillou would file litigation against both Navigators and XL seemingly claiming some unspecified type of alleged denial of coverage and it is anticipated that allegations of bad faith though unfounded will likely follow.

Based on the foregoing, Underwriters have basically admitted to forum shopping in anticipation of the lawsuit filed by Caillou.

As further evidence of Underwriters' forum shopping is the fact that they continuously refer to the fact that Caillou's attorney is a "Metairie, Louisiana" attorney. This geographical distinction made in the pleadings, although unorthodox, provides insight into the Underwriters' motivation here. Clearly, Underwriters' preference is to have the insurance coverage issues heard in *Texas* rather than in Louisiana. In fact, the only conclusion that may be drawn by specifically identifying counsel as a "Louisiana attorney" is that Caillou may somehow not be afforded the same treatment had Caillou stayed with their "Texas" counsel. As Underwriters were blatantly forum shopping in this case, the "first-filed" rule is inapplicable.

    **C.**    **The Most Convenient Forum to Resolve the Claims Arising out of Business Transactions all Occurring within this District is Clearly in the Eastern District of Louisiana.**

This Court, if it elects not to remand this case, should nevertheless, decline Underwriters' urgings to transfer this matter to the Southern District of Texas. Contrary to Underwriters' contentions, all relevant activities, business transactions between all parties and interested persons involved occurred within this jurisdiction. Neither Navigators, whose principal place of

business in New York, nor XL, whose principal place of business is in Connecticut, claim to have offices in the Texas jurisdiction to which they are seeking transfer.

As stated above, all of the insurance policy transactions at issue occurred in Terrebonne Parish; i.e. the policy was negotiated, brokered and delivered to Caillou in Terrebonne Parish, through and/or by a Terrebonne Parish agent, USI Gulf Coast, Inc., whose offices are located in Houma, Louisiana and Metairie, Louisiana. Also all of Caillou's dealings which form the basis of the underlying claim made in the United States Governments' case pending in the Galveston Division of the Southern District Court of Texas, occurred and/or were negotiated in Terrebonne Parish. Caillou has no offices, employees nor does it conduct business out of the Southern District of Texas. The fact that the vessels at issue were operating in East Galveston Bay is the only contact that Underwriters are able to point to and this activity has little or nothing to do with the Underwriters' issuance of the policies with Caillou's principals, who were all located in Terrebonne Parish at all relevant times. All vessel logs, documentation and information related to the Government's causes of action from an evidentiary standpoint are located at Caillou's offices in Houma, Louisiana.

Although Caillou maintains that it is inappropriate to apply the doctrine of *forum non conveniens* in this matter, the factors analyzed in that context nevertheless weigh in favor of maintaining this case in the Eastern District of Louisiana.

In their Motion, Underwriters seek to transfer this action, which originated in State Court, to the United States District Court for the Southern District of Texas, however, it is unclear which division Underwriters contend is appropriate. Underwriters argue that the Southern District of Texas is more convenient to the parties and the witnesses than this venue.

The applicable statue, 28 U.S.C. § 1404(a), reads as follows:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The initial question in a motion to transfer pursuant to 28 U.S.C. § 1404(a), is whether the action could have been brought in the district or division to which transfer is sought. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Caillou disputes federal jurisdiction altogether for the claims at issue, i.e. breach of contract, declaratory judgment on insurance coverage, and violation of Louisiana law against the Underwriters as evidenced in the Motion to Remand filed in the instant matter, as well as the Motion to Dismiss on issues of subject matter jurisdiction and alternatively the federal abstention doctrine filed in the Underwriters' Declaratory Judgment Action filed in the United States District Court for the Southern District of Texas – Houston Division.

Notwithstanding, even if subject matter jurisdiction existed, which is denied, a transfer under §1404 is permitted upon a lesser showing of inconvenience than under the doctrine of *forum non conveniens*, because § 1404 transfers do not have the serious potential consequence of dismissal. *In re Volkswagen of America, Inc.*, 545 F.3d 304, at FN 8, referencing *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). However the Fifth Circuit explained the relevant factors to consider in a transfer motion have not changed, and the plaintiff's choice of forum is still considered in the analysis as a whole:

> That § 1404(a) venue transfers may be granted "upon a lesser showing of inconvenience" than *forum non conveniens* dismissals, however, does not imply "that the relevant factors [from the *forum non conveniens* context] have changed or that the plaintiff's choice of [venue] is not to be considered." Id. [*Norwood*, 349 U.S. at 32, 75 S.Ct. 544]. But it does imply that the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal. And we have recognized as much, noting that the "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine-dismissal permitted only in

>favor of a substantially more convenient alternative-was dropped in the § 1404(a) context. In order to obtain a new federal [venue], the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.' " *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir.1983) (emphasis and first alteration added); see *Piper Aircraft Co.*, 454 U.S. at 254, 102 S.Ct. 252 (noting the "relaxed standards for transfer") *In re Volkswagen of America, Inc.*, 545 F.3d at 314 (Footnotes omitted).

The plaintiff's choice of venue is to be treated "as a burden of proof question" and "he who seeks the transfer must show good cause." *In re Volkswagen of America, Inc.*, 545 F.3d at 315, citing *Humble Oil & Ref. Co. v. Bell Marine Serv. Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). As explained by the Fifth Circuit:

>When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interests of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen of America, Inc.*, 545 F.3d at 315 (Footnote omitted).

Whether a transfer is convenient for the parties and witnesses and in the interests of justice is determined by consideration of both private and public factors. The private factors considered in the transfer analysis are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of America, Inc.*, 545 F.3d at 315, citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 258, 70 L. Ed. 2d 419, FN 6 (1981).

The public interest factors considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

In this case, the private factors weigh in favor of maintaining this action in the Eastern District of Louisiana/Terrebonne Parish. First of all, it was the plaintiff's choice to file in Louisiana (albeit State Court), and this choice is afforded deference. Underwriters' claim that plaintiff's choice of forum should be discounted on the grounds plaintiff is allegedly "forum shopping" is wholly without merit. As discussed above, Underwriters', not plaintiff, are the ones attempting to forum shop in this case.

Aside from Louisiana being Caillou's legitimate choice of forum, the bulk, if not all of Caillou's witnesses, including its principals and key employees are located in Terrebonne Parish. Also, the insurance agent and agency office dealing with this account is located in Terrebonne Parish. Further, Underwriters were clearly able to conduct business in Terrebonne Parish, i.e. there was no problem with the quoting and subsequent collection of premiums from Louisiana insureds within this district. As such, it is therefore disingenuous to now claim that it is now "inconvenient" to present itself to Louisiana court to address claims arising out of its vast business transactions within this district. Regarding expert testimony, to the extent experts are deemed necessary, Caillou will in all probability retain local experts insofar as Louisiana insurance and contract law are applicable to policy construction and interpretation.

Underwriters contend, without any further rationale, that Texas is the "situs of the material events in this case," and therefore, this litigation should be transferred on this basis. While the activities giving rise to the United States action allegedly occurred in East Galveston

Bay, the insurance coverage issues involving the policies that were negotiated, underwritten, and delivered in Terrebonne Parish to a Terrebonne Parish insured all occurred within the jurisdiction of this Court. Further, with respect to the underlying incident, the vessels, Caillou's witnesses and documentary records, i.e. vessel logs and the like, are located in this judicial district, not in Texas. And all of the resources regarding the insurance coverage issues, including records, are readily accessible in Louisiana, rather than in Texas.

With respect to the public factors, (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

(1)     Plaintiff does not foresee, nor do Underwriters allege any administrative difficulties arising from maintaining this action in the plaintiff's venue.

(2)     This case deals with a local, Louisiana company, insured by a foreign insurer doing business in this State. As such, Louisiana courts, citizens and businesses have great interest in the determination of coverage issues that will affect business transactions, activities and insurance matters within this State.

(3) and (4)     It is undisputed that Louisiana law applies to this matter and obviously, this Court is well-versed in Louisiana insurance and contract law and the public policy considerations affecting these important issues. *Wilburn Boat Company v. Fireman's Fund Insurance Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955).

In light of the foregoing, Caillou respectfully avers that the private and public considerations, including plaintiff's choice of forum weigh in favor of maintaining this matter in this venue, i.e. costs for witnesses, availability of sources of proof, availability of compulsory

process, along with other factors that make trial of a case expeditious and cost efficient. Regarding the public interest, administrative difficulties are unexpected, however, the main public interest factor implicated is the local interest in having localized interests regarding business operations, insurance matters and contractual matters decided in a Louisiana forum. Plaintiff and its employees are residents of Terrebonne Parish and the Underwriters likewise do business in Terrebonne Parish, as well as in this federal judicial district.

## CONCLUSION

For the reasons given above, the Underwriters have not met their heavy burden of showing cause for either transfer or dismissal of these matters to the United States District Court for the Southern District of Texas. The private and public interest factors clearly weigh in favor of maintaining the action in the United States District Court for the Eastern District of Louisiana. Defendant has not established any fact to show that the Southern District of Texas is clearly more convenient under the law, and therefore, Caillou requests that this Court to deny the defendants' motion to dismiss or transfer venue.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

 /s/ Robert S. Reich
**ROBERT S. REICH (#11163)**
**MICHELLE L. MARAIST (21739)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA  70002
Tel:  (504) 830-3999 / Fax:  (504) 830-3950
*Attorneys for Caillou Island Towing Company, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record by electronic delivery, by facsimile, or by placing same in the U. S. Mail, postage prepaid, this 20th day of April, 2010.

                                                   /s/ Robert S. Reich
                                                   ROBERT S. REICH