UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAILLOU ISLAND TOWING COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0843 c/w 10-0844** |
| **NAVIGATORS INSURANCE COMPANY** | **SECTION "C" (3)** |

## ORDER AND REASONS[1]

This case involves an action by plaintiff Caillou Towing Company, Inc. ("Caillou") against defendant insurers Navigators Insurance Company ("Navigators") and XL Speciality Insurance Company ("XL") alleging a wrongful refusal to provide an unreserved defense and commitment to indemnify Caillou in connection with a lawsuit filed by the United States and Rutherford Oil Corporation ("Government Action") Nov. 10, 2008, in Galveston, Texas.

The plaintiff asserts that the defendants arbitrarily and capriciously refused to properly undertake the plaintiff's defense and indemnify the plaintiff without restriction or reservation in the Government Action. Caillou was named in the Government Action for alleged violations of the Clean Water Act, 33 U.S. §1311, and the Rivers and Harbors Act, 33 U.S.C. § 403. *See United States v. Rutherford Oil Corp, et. al.,* No. 08-231 (S.D. Tex.). As a result, Caillou filed a declaratory judgment action and petition for damages against Navigators in the 32nd Judicial District Court for the Parish of Terrebonne and a separate action against XL on or about February 17, 2010. Rec. Doc. 1; Exh. A. Defendant Navigators removed the action to the Eastern District of Louisiana on March 11, 2010 pursuant to 28 U.S.C. § 1447. Rec. Doc. 1. The case was consolidated with the plaintiff's case against XL, previously No. 10-844, on March

---

[1] Ellen Cornutt, J.D. Candidate at The University of Virginia School of Law assisted in preparing this Order and Reasons.

1

16, 2010. Rec. Doc. 4. Plaintiff filed a motion to remand to state court on March 17, 2010. Rec. Doc. 5. The defendants filed a motion to dismiss or transfer venue on April 13, 2010. Rec. Doc. 12. Having considered the record, the memoranda of counsel and the law, the Court has determined that the plaintiff's motion to remand should be denied, and the defendants' motion to dismiss is granted.

## I.     Plaintiff's Motion to Remand

Plaintiff brings a motion to remand, alleging that federal diversity jurisdiction is lacking because the amount in controversy requirement is not satisfied. Under 28 U.S.C. § 1332, federal diversity jurisdiction exists where the matter in controversy exceeds the sum of $75,000.[2] In a declaratory relief action, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 903, 910 (5th Cir. 2002) (citing *Leininger v. Leininger*, 705 F.2d 729 (5th Cir. 1983)).

In the Fifth Circuit, a removing defendant's burden of demonstrating that the amount in controversy is sufficient to support an exercise of federal jurisdiction depends on whether or not the plaintiff's complaint pleads a particular amount of monetary damages. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Because Louisiana law does not permit a plaintiff to plead a specific amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen,* 63 F.2d at 1335. In order to satisfy this burden, the defendant must show either that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount in satisfied. *Allen*, 63 F.3d at 1335.

---

[2]The parties do not contest that diversity of citizenship exists in this case.

In this case, plaintiff's complaint lacks specific damages and therefore the amount in controversy is not "facially apparent." When damages are not "facially apparent," the court may consider other evidence relevant to the amount in controversy at the time of removal. *Id.*

In the context of a declaratory judgment action regarding insurance coverage, the amount in controversy is defined as "the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998) (quoting *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983)). Relying on *Southall v. St. Paul Travelers Ins. Co.,* 2006 WL 2385365, at *3 (E.D.La. Aug. 16, 2006), plaintiff argues that the value of the claim, rather than the value of the policy controls determination of the amount in controversy.

The plaintiff also emphasizes that the government does not seek damages and that the plaintiff's attorneys' fees and costs have not yet exceeded $75,000. Rec. Doc. 5 at 7. However, the defendant correctly points out that the government is seeking both injunctive relief and civil penalties. Rec. Doc. 5, Exh. A at 8. In *St. Paul Reinsurance Co., Ltd.*, the Fifth Circuit stated that when insurers seeks a declaratory judgment action regarding insurance coverage, "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interest or costs." 134 F.3d at 1253 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The Fifth Circuit overturned the district court's decision to exclude penalties in the amount in controversy determination, finding that it would be irrational to include speculative punitive damages while excluding a specific penalty under the insurance code in that case. *Id.* at 1255. Thus, civil penalties may be taken into account in determining the amount in controversy in this case.

In the Government Action, the government seeks injunctive relief and civil penalties under 33 U.S.C. §§ 406, 1319 (b) and (d), and 1344 (s)(3)-(4). Rec. Doc. 5-2 at 8. Sections 1319(d) and 1344(s)(4) provide that the assessment of civil penalties carry a fine not exceeding $25,000 per day of a violation while § 406 carries a fine between $500 and $2500. Section 406 further provides that the removal of any fill, material, or pollutants depositing in violation of the underlying sections may be enforced by injunction, meaning that Caillou faces liability for the removal of such violating material. Thus, based solely on the pleadings and disclosures in the Government Action, the plaintiff in this case faces a potential liability of $50,000 per day in violation, as well as a $2500 fine and the value of removing the violating material enforceable by injunction.

In its amended complaint in the Government Action, the United States asserts twelve days of Violation 1 and six days of Violation 2. Rec. Doc. 9, Exh. C. At eighteen days of violations, the amount in controversy would be clearly satisfied. Even using the plaintiff's more modest assertion of liability for five days of violations, at $25,000 a day the underlying liability that the defendants are asked to indemnify the plaintiffs for would easily meet the threshold amount. Rec. Doc. 9 at 5-6. In addition to the full limits of the policy, the plaintiff also seeks extra-contractual damages and attorney's fees pursuant to La. Rev. Stat. § 22:1973 and 22:1892. Given the various civil penalties and attorney's fees at issue, the weight of the evidence supports a finding that the amount in controversy exceeds $75,000.

## II. Defendant's Motion to Dismiss or Transfer for Improper Venue

Defendants bring a motion to dismiss pursuant to 28 U.S.C. § 1406, the "first-filed rule", or alternatively, to transfer venue of these consolidated cases pursuant to 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens.*

### A. Motion to Dismiss

The defendants bring a motion to dismiss citing the general venue statute 28 U.S.C. § 1391 and the "first-filed rule," which they argue necessitate the dismissal of this action. The parties disagree as to whether venue is proper in the Eastern District of Louisiana under § 1391. What the parties ignore, however, is that the general removal statute, 28 U.S.C. § 1441, not the venue statute governs venue in removed cases. *Burks v. Alcoa, Inc.*, 2002 WL 32859, at *1 (E.D.La. Jan. 9, 2002) (citing *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 72 (2d Cir. 1998)). 28 U.S.C. § 1441 states that venue is proper in a district court "embracing the place where such action is pending." Although a party can challenge removal, it may not challenge the venue in the district court as of right. *PT United Can Co., Ltd.,* 138 F.3d at 72. However, a party in a removed action may challenge the venue of the underlying state court action. *Moss v. Atlantic Coast Line R.R. Co.,* 157 F.2d 1005, 1006 (2d Cir. 1946). Defendants do not allege in this motion to dismiss that venue in the 32nd Judicial District Court for the Parish of Terrebonne was improper, only that venue in the district court is improper. Because Terrebonne Parish is located within the Eastern District, under the applicable statute, 28 U.S.C. § 1441, defendants have not demonstrated that venue is improper.

The defendants further assert that dismissal is appropriate under the "first-filed" rule. The rule states that in determining which of two courts should exercise jurisdiction over cases with common subject-matter, the "first-filed" court should determine whether or not the case should proceed or whether it should give way for administrative reasons. *Supreme Int'l Corp. v. Anheuser-Busch, Inc.,* 972 F. Supp. 604, 607 (S.D. Fla. 1997). The Texas suit, Civil Action No. 10-0439 in the Southern District of Texas, Houston Division, was filed approximately one day prior to the plaintiff's filing of this action via U.S. Mail on or around February 12, 2010. Rec.

Doc. 16 at 4. Even if the first-filed rule applies, whether to dismiss or transfer the later suit is a decision within the discretion of the district court. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *See also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

The plaintiff argues that the "first-filed" suit by defendants was a forum-shopping effort and thus the first-filed rule does not apply. The Fifth Circuit has recognized an exception to the first-filed rule applies when a party files suit for declaratory relief in anticipation of a lawsuit to be filed by the opposing party. *Mission Ins. Co. v. Purian Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *see also Pertuit v. Youthspan, Inc.*, 2003 WL 356021, at *3-4 (E.D.La. Feb. 13, 2003). The plaintiff's arguments rely on statements by the defendants' counsel and the belief that the defendants had been informed by plaintiff's attorney in Louisiana regarding the conflict over the Reservation of Rights. Based on these assertions, plaintiff argues that the defendants knew that a suit was "imminent." Rec. Doc. 16 at 8-9. Nevertheless, the Court concludes that the plaintiff's claim of forum shopping is unpersuasive. Given the pendency of the Government Action in the Southern District of Texas, it was not unreasonable for the defendants to file suit to resolve the coverage dispute in the Southern District (albeit a different division).[3]

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand for lack of subject-matter jurisdiction is DENIED. Rec. Doc. 5.

IT IS FURTHER ORDERED that the defendants' motion to dismiss is GRANTED. Rec. Doc. 12.

New Orleans, Louisiana, this 6th day of August, 2010.

---

[3] The Court further notes that the defendants in this case have recently brought to the Court's attention the fact that Southern District of Texas has recently denied Caillou's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction and Federal Abstention Doctrine. Rec. Doc. 26, Exh. A.

Helen G. Berrigan
United States District Judge